```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


RON-DEL FLOOR SERVICE, INC.                CIVIL ACTION

VERSUS                                     NO: 06-7520

ST. PAUL TRAVELERS INSURANCE               SECTION: J(1)
COMPANY, UNITED STATES
FIDELITY AND GUARANTY
COMPANY, GAYNELL J. MARTIN
INSURANCE COMPANY AND ABC
INSURANCE COMPANY
```

### ORDER AND REASONS

Before the Court is a **Motion to Remand and for Attorneys' Fees (Rec. Doc. 9).** This motion, which was opposed, was set for hearing on the briefs on November 22, 2006.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion to remand should be denied.

### Background Facts

Plaintiff is a Louisiana corporation that operates a flooring business in Harahan, Louisiana.  Plaintiff filed this lawsuit against Defendants in the 24th Judicial District Court for the Parish of Jefferson claiming that Plaintiff's business was interrupted post-Katrina and Defendants failed or refused to pay monies owed and due under Plaintiff's business interruption policy.  Plaintiff sued one non-diverse defendant, Gaynell J.

1

Martin Insurance Company ("Martin"), its insurance agent.  In its Petition, Plaintiff asserts that Martin negligently or intentionally misrepresented the policy coverages and caused Plaintiff to believe that the policy would give Plaintiff full coverage for interruption to its business and concomitant loss of business income in the event of a covered loss.  Plaintiff generally claims "Martin did not secure coverage as [Plaintiff] requested it to do, and further did not fully explain the coverage, limitations and exclusions of the Policy so that [Plaintiff] could properly evaluate its risks and secure additional coverage if necessary." (Petition, ¶ XXXIV). Last, Plaintiff asserts that Martin "failed to secure [full coverage for its business from interruption] as was requested, did not research other available coverages, and did not inform [Plaintiff] that [it] was at risk in the event of interruption of its business by a covered loss of not recovering the full amount of its loss."  (Petition, ¶ XXXV).

Defendant United States Fidelity and Guaranty Company ("USF&G") removed this action to this Court, alleging diversity as a basis for jurisdiction and claiming that Martin, the only non-diverse defendant, had been improperly joined.

### Arguments of the Parties

Plaintiff claims that Martin was not improperly joined. and that it has stated a claim against Martin for which relief can be

granted. Plaintiff asserts that its claim against Martin has not been perempted under Louisiana Revised State 9:5606.  In an affidavit attached to its motion to remand, Ronald Steele, one of Plaintiff's officers, claims that Plaintiff, through its officers, had continuing contact with Martin, through its representative, Francis E. "Chip" Manion, Jr.,  regarding Plaintiff's insurance coverage on numerous occasions during the three years leading up to Hurricane Katrina.  Also in the affidavit, Plaintiff claims that on these occasions, and especially at the time of the annual policy renewal, Plaintiff's insurance coverages and the sufficiency of those coverages were discussed with Manion.  In the affidavit, Plaintiff claims its desire for "full coverage" was communicated to Martin through Manion.  In the motion to remand, Plaintiff states that "at no time throughout their business dealings did Martin properly explain the policy's limitations, the need to secure excess, additional and/or other coverage to be sure [Plaintiff] was fully covered, or the possible interpretations which USF&G might impose on the policy . . ." (See Motion to Remand, p. 6).  Last, Plaintiff contends that a cause of action exists against Martin based on the alleged negligent misrepresentations.

In opposition, Defendants allege that because Martin was improperly joined, its citizenship should not be considered for evaluating the existence of diversity jurisdiction.  First,

Defendants claim that there is actual fraud in Plaintiff's pleadings because, contrary to Plaintiff's representations, it never submitted a claim to USF&G; thus, such was never denied. In its reply memorandum, Plaintiff claims it did, in fact submit a claim to USF&G/St. Paul Travelers.  For the purpose of deciding this motion to remand only, this Court views the facts in a light most favorable to Plaintiff and finds that Plaintiff did submit a claim to Defendants.

Next, Defendants assert that the Plaintiff's insurance policy was issued on January 25, 2003, and subsequent policies were nothing more then renewals of that policy with the same terms, limitations, and exclusions.  Defendants assert that these subsequent renewals did not interrupt peremption under La. Rev. Stat. 9:5606.  Defendants also claim that Plaintiff's affidavit should not be considered for the purposes of determining this motion to remand because jurisdiction should be determined at the time of removal, and the affidavit was filed by Plaintiff post-removal.  As for Plaintiff's argument regarding misrepresentations made by Manion on behalf of Martin, Defendants contend that if these representations were actually made, they would have been made at the time the original policy was issued and therefore, would not have interrupted the peremption period. Defendants claim that misrepresentations made in subsequent discussions regarding policy renewal would, if anything, be

4

considered a continuing tort and would not interrupt peremption. In other words, defendants assert that because no changes were made to the policy since it was issued, misrepresentations made in subsequent discussions would simply have reaffirmed the adequacy of the original policy and, thus, would not be new torts that would interrupt peremption.

## Discussion

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. Coury v. Prot, 85 F.3d 244, 248, (5th Cir.1996).  Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000, and the claim is between citizens of different states. 28 U.S.C. § 1332. The party seeking to assert diversity jurisdiction bears the burden of proof. DeAguilar v. Boeing, 47 F.3d 1404 (5th Cir.1995).  Because it is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. Dobson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir.1992).

Ordinarily when a non-diverse party is properly joined as a defendant, a defendant may not remove based on diversity jurisdiction.  However, a defendant may remove by showing that the non-diverse party was improperly joined. Smallwood v. Il. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir.2003).  The burden of

demonstrating improper joinder is a heavy one.  Id.  It may be established by showing (1) actual fraud in pleading jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir.2003). Here, as noted above, the Court will not address the argument made by Defendants relating to actual fraud in the pleadings.

When a defendant alleges that a plaintiff is unable to state a claim against a non-diverse defendant, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. Id. at 462-63. In other words, there must be a reasonable possibility of recovery.  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).  In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party. Id.

Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases in which a plaintiff states a claim, but has misstated or

6

omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

**Peremption**

This Court finds that Plaintiff cannot maintain a claim against Martin, the insurance agent, because any right to such a claim no longer exists. Louisiana Revised Statute 9:5606 provides a one-year/three-year peremptive period for claims against insurance agents. The statute provides, in relevant part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. Rev. Stat 9:5606(A).

Here, the issuance of Plaintiff's homeowner policy in January of 2003 commenced the three-year peremptive period. <u>Biggers v. Met. P & C Ins. Co.</u>, 886 So.2d 1179, 1183 (holding that peremptive period, applicable to the insured's negligence suit against agent, began when insured purchased policy). In addition, the fact that the plaintiff renewed his homeowner

7

policy each year does not toll the one-year peremptive period under well-settled Louisiana law. Bel v. State Farm Mut. Auto. Ins. Co., 845 So.2d 377 (La .App.1st.Cir.2003)("[t]herefore, we find that the insurance policy renewals do not constitute separate and distinct torts, commencing the peremptive period anew at each renewal"); Biggers, 886 So.2d at 1183 (peremptive period applicable to insured's negligence suit against agent began when plaintiff purchased policy, notwithstanding subsequent renewals); Bordelon v. Indep. Order of Foresters, No. 05-2640, 2005 WL 3543815 (E.D.La. 2005)(peremptive period begins to run when policy is acquired). Thus, this Court finds that no claim exists against Martin and its citizenship should not be considered for purposes of determining jurisdiction. Accordingly,

**IT IS ORDERED** that the **Motion to Remand and for Attorneys' Fees (Rec. Doc. 9)** should be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Gaynell J. Martin Insurance Company are hereby **DISMISSED.**

New Orleans, Louisiana this 27th day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

8